Michael R. Lozeau (SBN 142893)
michael@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison Street, Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional counsel appearing on signature page]

*Attorneys for Plaintiffs and the Alleged Class*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**EDWIN WILLIAMS,** individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**ZEETO, LLC,** a Delaware limited liability company,

    Defendant.

Case No. '21CV1646 L    BLM

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Edwin Williams ("Williams" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Zeeto, LLC ("Defendant" or "Zeeto") to: (1) stop Defendant's practice of sending text messages using an "automatic telephone dialing system" ("ATDS") to the

cellphones of consumers nationwide without their prior express consent; (2) stop Defendant's practice of sending repeated text messages to consumers on the National Do Not Call Registry; (3) obtain an injunction prohibiting Defendant's continued sent text messages to consumers; and (4) obtain redress for all persons injured by Defendant's conduct.

Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION & VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceed $5 million. Further, none of the exceptions to CAFA applies.

2. This Court has personal jurisdiction over Defendant because Zeeto is headquartered in and resides in this district, has solicited and entered into business contracts in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or emanated from this District.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a significant portion of Defendant's wrongful conduct giving rise to this case occurred in and/or emanated from this District.

## PARTIES

4. Plaintiff Edwin Williams is an individual residing in Statesboro, Bulloch County, Georgia, 30461.

5. Defendant Zeeto is a limited liability company registered and existing under the laws of the State of Delaware, whose principal place of business is 925 B. Street, Ste. 303, San Diego, CA 92101.

## COMMON FACTUAL ALLEGATIONS

6. Defendant Zeeto is a business that offers digital marketing, permission based marketing, and online advertising.[1]

7. Zeeto makes sales through online advertisements, text message advertisements, and its websites, https://www.zeeto.io and www.getitfree.us, where it gathers personal billing information, addresses, and telephone numbers from consumers.

8. Unfortunately for consumers, Defendant, in an attempt to secure more business, engages in an aggressive telemarketing campaign by repeatedly sending unsolicited, repetitive text message advertisements to consumer's telephones using an automatic telephone dialing system ("ATDS")—often without consent and in violation of the law.

9. While autodialed calls or text messages may be made where a caller/sender obtains prior express written consent, Defendant sends these text messages to telephones using an ATDS without consumers' prior written express consent in violation of the TCPA.

10. At no time did Defendant obtain prior express consent from the Plaintiff or the members of the Class orally or in writing to receive autodialed text messages.

11. In placing the text messages at issue in this Complaint, Defendant and/or its agents utilized an ATDS. Specifically, the hardware and software used by

---

[1] https://www.bbb.org/us/ca/san-diego/profile/sales-lead-generation/zeeto-media-1126-172004020

CLASS ACTION COMPLAINT
-3-

Defendant and/or its agents has the capacity to store and/or produce numbers using a random or sequential number generator, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer in that it is capable of sending numerous text messages simultaneously, without human intervention.

12. The text messages were sent by or on Zeeto's behalf and with its knowledge and approval. Zeeto knew about the messages, received the benefits of the messages, directed that the messages be sent, and/or ratified the sending of the messages.

13. The TCPA was enacted to protect consumers from unsolicited telephone text messages like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited text messages activities to consumers as complained of herein and an award of statutory damages to the members of the Class, together with costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF WILLIAMS

14. Plaintiff is the of the cellphone number ending in 9607.

15. In or around June 2020, Plaintiff Williams received a text message from a number he did not recognize, nor had any affiliation with. The text message contained a link to getitfree.us, a website owned and operated by Defendant.

16. Following the initial text message from getitfree.us, Williams received numerous text messages that all listed and provided advertisements for getitfree.us.

17. Plaintiff continued to receive repeated, unsolicited text messages from several unknown numbers, all of which contain the link getitfree.us.

18. Some of the copied text messages can be found below:

[Screenshots of text messages sent to "edwin":]

- "Hey edwin! You're just a few steps away from getting new Milwaukee tools shipped to your doorstep: getitfree.us/Milwaukee

  Reply BYE to opt out"

- "Hungry edwin? Get Burger King chicken nuggets delivered straight to your door! Tap here: sms.getitfree.us/s/LvTUhg

  Reply BYE to opt out"

- "Now's your chance edwin! Get free samples of Gain Ultra Flings today. Redeem here: sms.getitfree.us/s/_0xfjw

  Reply BYE to opt out"

- "Hey edwin, this offer hits it out of the park! Get a free Grand Slam at Denny's! Tap here: sms.getitfree.us/s/lXygVw

  Reply BYE to opt out"

- "Father's Day is just around the corner! Check out all our favorite freebies to help you celebrate Father's Day: sms.getitfree.us/s/63u6aA

  Reply BYE to opt out #6232590870"

- "Check it out edwin! Get a free slice of cheesecake from Cheesecake Factory today! Redeem here: sms.getitfree.us/s/168FUA

  Reply BYE to opt out #6232590870"

(912) 531-9607 · Jun 13, 2020

- "Father's Day is just around the corner! Check out all our favorite freebies to help you celebrate Father's Day: sms.getitfree.us/s/63u6aA

  Reply BYE to opt out #623-259-0870 3 in a row same #"

- "Check it out edwin! Get a free slice of cheesecake from Cheesecake Factory today! Redeem here: sms.getitfree.us/s/168FUA

  Reply BYE to opt out"

- "Offer confirmed edwin! Get a free Burger and Fries from Steak 'n Shake today! Redeem here: sms.getitfree.us/s/gU4CqA

  Reply BYE to opt out"

(912) 531-9607 · Jun 23, 2020

CLASS ACTION COMPLAINT
-5-

19. All of the text messages were sent via an ATDS at the direction and oversight of Defendant. Defendant knew about, directed, ratified, and benefitted from the text messages.

20. Defendant was, and still is, aware that the above-described autodialed text messages were sent to consumers like Plaintiff who have not consented to receive them.

21. On information and belief, the equipment used to send the texts at issue has the capacity to use a random or sequential number generator in the process of storing numbers from a pre-produced list for texting at a later date.

22. The equipment at issue also has the capacity to produce telephone numbers using a random or sequential number generator. Specifically, the texting software, by virtue of being inextricably linked to a computer operating system, has the capacity to generator random or sequential telephone numbers.

23. By sending unsolicited text messages as alleged herein, Defendant has caused Plaintiff and members of the Class actual harm. This includes the aggravation, nuisance, and invasions of privacy that result from the placement of such text messages, in addition to the wear and tear on their phones, interference with the use of their phones, consumption of battery life, loss of value realized for monies consumers paid to their carriers for the receipt of such messages, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant sent the messages knowing they trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their phones, including the related data, software, and hardware components.

24. To redress these injuries, Plaintiff, on behalf of himself and Class of similarly situated individuals, brings this suit under the TCPA, which prohibits

unsolicited telemarketing calls and text messages to cell phones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized calling activities and an award of statutory damages to Class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action in accordance with Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the following Class defined as follows:

> **No Consent Text Class:** All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) sent text messages, (2) on the person's cellular telephone number, (3) using the same dialing equipment used to text Plaintiff, (4) for the purpose of promoting a product or service, and (5) for whom Defendant claims to have obtained prior express consent in the same manner it claims Plaintiff consented.

> **DNC Registry Class:** All persons in the United States from four years prior to the filing of the initial complaint in this action to the present who: (1) having never authorized unsolicited text messages from Defendant; (2) Defendant, or a third person acting on behalf of Defendant, sent at least two text messages within any 12-month period after the person replied "STOP", "BYE", or a substantially similar command; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty (30) days; (4) for the same purpose as text messages were sent to Williams; (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to send text messages to Williams.

26. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parent have a controlling interest and their current or former

CLASS ACTION COMPLAINT
-7-

employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definitions following a period of appropriate discovery regarding the purpose of the text messages, any consent obtained, and any third party on whose behalf the text messages were sent.

27. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant has sent unsolicited text messages to thousands of consumers who fall into the defined Class. The number of members of the Class and Class membership can be identified through objective criteria, including Defendant's phone records.

28. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained the same legal injuries and damages arising out of Defendant's uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the Class Members.

29. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions, including class actions under the TCPA. Neither Plaintiff nor his counsel has any interest in conflict with or antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

30. **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions will drive

the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether the text messages were sent by or on behalf of Defendant and/or whether Defendant knew about, approved, or benefitted from the messages;

    (c)    Whether Defendant sent the text messages using an ATDS;

    (d)    Whether Defendant had any prior express written consent to send the text messages; and

    (e)    Whether Defendant's conduct was willful or knowing such that members of the Class are entitled to treble damages.

31.    **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

32.    **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action,

because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

# FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
On behalf of Plaintiff and the No Consent Class**

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. Defendant sent unsolicited and unwanted autodialed telemarketing text messages to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class, without their prior express written consent in an effort to generate leads for Defendant's business.

35. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing text messages using an automatic telephone dialing system; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

36. Further, Defendant sent the autodialed text messages using equipment that has the capacity to store or produce telephone numbers to be contacted using a

random or sequential number and to dial such numbers, *en masse*, simultaneously and without human intervention.

37. By sending unsolicited text messages to Plaintiff and members of the No Consent Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

38. As a result of Defendant's unlawful conduct, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited autodialed text messages on their cellular telephones and, under Section 227(b)(3), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

39. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## SECOND CAUSE OF ACTION
**Violation of the TCPA, 47 U.S.C. § 227, *et seq*.**
**(On behalf of Plaintiff and the DNC Registry Class)**

40. Plaintiff incorporates by reference the forgoing allegations as if fully set forth herein.

41. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy and their right to avoid receiving telephone solicitation to which they object.

42. The TCPA's implementing regulation 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, '*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*.'" The Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[2]

44. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing call made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

---

[2] 68 Fed. Reg. 44143, 44166 (July 25, 2003).

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

45. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, multiple text message telephone solicitations to telephone subscribers such as Plaintiff and the DNC Registry Class members who registered their respective cellphone numbers on the National Do-Not-Call Registry at least thirty (30) days prior to the start of the calls. These consumers requested to not receive text messages from Defendant as set forth in 47 C.F.R. § 64.1200(d)(3).

46. Moreover, Defendant violated 47 C.F.R. § 64.1200(d) by failing to maintain a written policy for maintaining a do-not-call list, by failing to train its personnel involved in telemarketing regarding the existence and use of any such policy or do-not-call list, by failing to accurately record do-not-call requests internally, and by failing to honor do-not-call requests.

47. Here, Defendant sent Plaintiff multiple unsolicited text messages after he had submitted valid "STOP" and "BYE" requests.

48. Defendant sent multiple unsolicited text messages during a 12-month period to Plaintiff and the members of the DNC Registry class despite the fact that Plaintiff and the DNC Registry class members had had their phone numbers listed on the DNC Registry for at least thirty (30) days.

49. As a result of Defendant's unlawful conduct, Plaintiff and the members of the No Consent Class are each entitled, under 47 C.F.R. § 227(c), *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

50. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An injunction requiring Defendant to cease all practices of sending unsolicited text messages to consumers whose numbers are listed on the Do Not Call Registry;

D. An injunction requiring Defendant to honor STOP requests and similar requests and otherwise protecting the interests of the Class;

E. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

F. An award of trebled damages if willful or knowing violations are shown;

G. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: September 15, 2021

**EDWIN WILLIAMS,** individually and on behalf of all others similarly situated,

By: /s/ *Michael R. Lozeau*
One of Plaintiff's Attorneys

Michael R. Lozeau (SBN 142893)
michael@lozeaudrury.com

CLASS ACTION COMPLAINT
-15-

|   |   |
|---|---|
| 1 | Rebecca Davis (SBN 271662) |
| 2 | rebecca@lozeaudrury.com |
|   | **LOZEAU DRURY LLP** |
| 3 | 1939 Harrison Street, Suite 150 |
|   | Oakland, CA 94612 |
| 4 | Telephone: (510) 836-4200 |
| 5 | Facsimile: (510) 836-4205 |

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*
*pro hac vice application to be filed

CLASS ACTION COMPLAINT
-16-