Christopher S. Morris, Esq., SBN 163188
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq. 312336
jgillick@morrislawfirmapc.com
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Attorneys for Defendant Zeeto, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWIN WILLIAMS**, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>**ZEETO, LLC**, a Delaware limited liability company,<br><br>　　　　　　　Defendant. | Case No. 21CV1646 L BLM<br><br>**ANSWER OF DEFENDANT ZEETO, LLC TO CLASS ACTION COMPLAINT** |

1. In responding to paragraph 1 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

2. In responding to paragraph 2 of the Complaint herein, Defendant denies that there was any unlawful conduct.  Defendant admits the remaining allegations with regards to jurisdiction and venue.

3. In responding to paragraph 3 of the Complaint herein, Defendant denies any wrongful conduct.  Defendant admits the remaining allegations with regards to jurisdiction and venue.

4. In responding to paragraph 4 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

5. In responding to paragraph 5 of the Complaint herein, Defendant admits the allegations.

6. In responding to paragraph 6 of the Complaint herein, Defendant generally admits the allegation/characterization of Defendant.

7. In responding to paragraph 7 of the Complaint herein, Defendant generally admits the allegation/characterization of Defendant.

8. In responding to paragraph 8 of the Complaint herein, Defendant denies the allegations.

9. In responding to paragraph 9 of the Complaint herein, Defendant denies the allegations.

10. In responding to paragraph 10 of the Complaint herein, Defendant denies the allegations.

11. In responding to paragraph 11 of the Complaint herein, Defendant denies the allegations.

12. In responding to paragraph 12 of the Complaint herein, Defendant denies the allegations.

13. In responding to paragraph 13 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

14. In responding to paragraph 14 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

15. In responding to paragraph 15 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

16. In responding to paragraph 16 of the of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

17. In responding to paragraph 17 of the of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

18. In responding to paragraph 18 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

19. In responding to paragraph 19 of the Complaint herein, Defendant denies the allegations.

20. In responding to paragraph 20 of the Complaint herein, Defendant denies the allegations.

21. In responding to paragraph 21 of the Complaint herein, Defendant denies the allegations.

22. In responding to paragraph 22 of the Complaint herein, Defendant denies the allegations.

23. In responding to paragraph 23 of the Complaint herein, Defendant denies the allegations.

24. In responding to paragraph 24 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

25. In responding to paragraph 25 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

26. In responding to paragraph 26 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

27. In responding to paragraph 27 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations..

28. In responding to paragraph 28 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

29. In responding to paragraph 29 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

30. In responding to paragraph 30 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

31. In responding to paragraph 31 of the Complaint herein, Defendant denies the allegations.

32. In responding to paragraph 32 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

33. In responding to paragraph 33 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

34. In responding to paragraph 34 of the Complaint herein, Defendant denies the allegations.

35. In responding to paragraph 35 of the Complaint herein, Defendant denies the allegations.

36. In responding to paragraph 36 of the Complaint herein, Defendant denies the allegations.

37. In responding to paragraph 37 of the Complaint herein, Defendant denies the allegations.

38. In responding to paragraph 38 of the Complaint herein, Defendant denies the allegations.

39. In responding to paragraph 39 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

40. In responding to paragraph 40 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

41. In responding to paragraph 41 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

42. In responding to paragraph 42 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

43. In responding to paragraph 43 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

44. In responding to paragraph 44 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

45. In responding to paragraph 45 of the Complaint herein, Defendant denies the allegations.

46. In responding to paragraph 46 of the Complaint herein, Defendant denies the allegations.

47. In responding to paragraph 47 of the Complaint herein, Defendant denies the allegations.

48. In responding to paragraph 48 of the Complaint herein, Defendant denies the allegations.

49. In responding to paragraph 49 of the Complaint herein, Defendant denies the allegations.

50. In responding to paragraph 50 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. <u>Failure to State a Cause of Action</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that the Complaint and each and every purported cause of action therein, fails to state facts or other allegations sufficient to constitute any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. <u>Lack of Good Faith</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon

alleges, that the Complaint filed by Plaintiff was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the law which warranted the filing of the Complaint against Defendant, and that Plaintiff should, therefore be responsible for all of Plaintiff's necessary and reasonable defense costs, including attorney's fees, as more particularly set forth in California Code of Civil Procedure section 1038 and/or section 128.7.

### THIRD AFFIRMATIVE DEFENSE

3. <u>Comparative Negligence/Fault</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that at all times mentioned herein Plaintiff was negligent, careless, reckless, and unlawfully conducted itself as to directly and proximately contribute to the happening of the incident and the occurrence of claimed damages, all of which said negligence bars either completely or partially the damages sought herein.

### FOURTH AFFIRMATIVE DEFENSE

4. <u>Unjust Enrichment</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that if Plaintiff is allowed recovery on the basis of the Complaint, Plaintiff will be unjustly enriched at Defendant's expense.

### FIFTH AFFIRMATIVE DEFENSE

5. <u>Estoppel</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that Plaintiff has engaged in conduct and activities with respect to the promissory notes and occurrences which are the subject of the Complaint and, by reason of these activities, has prejudiced Defendant such that Plaintiff is estopped from asserting any claim for damages or seeking any other relief against Defendant.

///

///

6
ANSWER TO CLASS ACTION COMPLAINT                    21CV1646 L BLM

### SIXTH AFFIRMATIVE DEFENSE

6.  <u>Unclean Hands</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that Plaintiff's claims are barred in whole or part by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

7.  <u>Excuse</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges, without admitting the truth of any of the allegations in the Complaint, and specifically denying the same, Defendant is informed and believes, and thereupon alleges, that to the extent that Plaintiff alleges any breach, default, or failure to perform on the part of the Defendant under any agreement between the parties, or otherwise, the fact of which is expressly denied, then such breach, default, or failure to perform was legally excused and discharged for reasons including but not limited to the material breach, default, or failure to perform on the part of the Plaintiff under such agreement, or otherwise.

### EIGHTH AFFIRMATIVE DEFENSE

8.  <u>Laches</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

9.  <u>Punitive Damages are Barred</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that Plaintiff's claim for punitive damages are barred because the facts as stated do not support a finding of malicious, oppressive, or fraudulent conduct.

### TENTH AFFIRMATIVE DEFENSE

10. <u>Punitive Damages are Barred on Procedural Grounds</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that Plaintiff's claim for punitive damages are barred because the applicable law provides insufficient procedural safeguards for an award of such damages and

therefore violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and Section 7 and 16 of Article 1 of the Constitution of the State of California.

### ELEVENTH AFFIRMATIVE DEFENSE

11. <u>Willful Misconduct</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the damages complained by Plaintiff, if any, were solely caused by the willful acts of the Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

12. <u>Abuse of Process</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff's claims against Defendant are barred due to the abuse of process.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. <u>Malicious Prosecution</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that Plaintiff's claims against Defendant are barred because Plaintiff has no facts to support the claims made against Defendant.  Plaintiff's prosecution of Defendant is malicious.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. <u>Statute of Limitations</u>.  As a separate and distinct affirmative defense to the FAC on file herein.  Defendant is informed and believes, and thereon alleges, that the causes of action set forth in the Complaint are barred by the statute of limitations, including but not limited to, sections 337, 337.1, 337.15, 338, 339 340, 343, and 359 of the California Code of Civil Procedure.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. <u>Waiver</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that the Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence, or any other conduct, if any, set forth in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. <u>Truth</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that the statements alleged in the Complaint are not false.  That is, in order to assert an affirmative defense, the facts must be taken as true.  To be clear, Defendant denies all allegations without waiving their rights to an affirmative defense.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. <u>Failure of Condition Precedent</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff is barred from recovery because they failed to perform the condition precedent upon which the promise was made.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. <u>Prior Breach</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff breached its promise at issue in a material way prior to the alleged conduct by Defendant.  A party to an existing valid and enforceable contract/promise cannot enforce that contract/promise if that party itself breached in a material way.

### NINETEENTH AFFIRMATIVE DEFENSE

19. <u>Fraud</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff fraudulently, by misrepresentation of material facts, convinced Defendant to enter into a contract/promise.  Due to this fraudulent misrepresentation of material fact, Plaintiff cannot enforce or benefit from the gains of the contact/promise.

### TWENTIETH AFFIRMATIVE DEFENSE

20. <u>No Causation</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that if Plaintiff has suffered any loss, damage, or injury, which is expressly denied, such loss, damage, or injury was not caused, either legally or proximately, by any act or omission of this answering Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.  <u>Failure to Mitigate</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff has failed to exercise reasonable care and diligence to avoid and minimize damages, and may not recover for losses that could have been prevented by reasonable efforts on Plaintiff's part.  Therefore, Plaintiff's recovery, if any, should be reduced by the amount of damages that could or should have been mitigated or avoided.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.  <u>Uncertainty</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the causes of action in said Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claims for damages against this answering Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.  <u>Intervening, Supervising, and Superseding Cause</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, injuries and damages of Plaintiff were legally caused or contributed to by the acts of other persons and/or other entities.  Said act were intervening, supervising, and superseding causes of the injuries and damages, if any, of which Plaintiff complains, thus barring Plaintiff from recovering against this answering Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.  <u>Contribution</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence of the parties, persons, corporations, and/or entities other than this answering Defendant, and the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to the answering Defendant in accordance with Civil Code section 1431.2(a).

/ / /

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. <u>Code of Civil Procedure Section 128.7</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the Complaint is unsupported by law or fact and was filed in bad faith and solely for the purpose of harassing and annoying Defendant.  Therefore, Defendant is entitled to recover its reasonable expenses, including attorney fees, incurred by them in defending this action, pursuant to Code of Civil Procedure 128.7, and/or any other similar laws.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. <u>Mistake of Fact</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the causes of action in said Complaint, and each of them, are due to a genuine mistake of fact.  Plaintiff should accordingly be barred from recovery against these answering Defendant by mistake of fact defense.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. <u>Assumption of Risk</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, answering Defendant is informed and believes and thereon alleges that at all times alleged in the Complaint, Plaintiff knew of the alleged behavior and Plaintiff voluntarily assumed the risk and this assumption of said risk was the proximate cause of the alleged injuries and damages to Plaintiff.  Plaintiff had actual knowledge of the particular danger; knew and understood the degree of risk involved, and thereafter, voluntarily assumed such risk.  Plaintiff, therefore, is barred from asserting any right to relief under the Complaint or any right to relief under any purported cause or causes of action based on this voluntary assumption of risk.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. <u>Additional Defenses.</u>  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant presently has insufficient knowledge or

information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendant, therefore, reserve their right to assert additional affirmative defenses in the event additional investigation and/or discovery indicates it would be appropriate.

## JURY DEMAND

Defendants hereby demand a jury trial.

**MORRIS LAW FIRM, APC**

Dated: October 27, 2021

*s/ Jacob A. Gillick* _____
Jacob A. Gillick, Esq.
jgillick@morrislawfirmapc.com
Attorneys for Defendant Zeeto, LLC