Rory Pendergast
**The Pendergast Law Firm, PC**
3019 Polk Avenue
San Diego, CA 92104
619-344-8699
Fax: 619-344-8701
Email: Rory@rorylaw.com

Attorneys for Plaintiff Edwin Williams
(Additional Counsel on Signature Page)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWIN WILLIAMS**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ZEETO, LLC**, a Delaware limited liability company,<br><br>Defendant. | Case No. 21CV1646 L BLM<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO MOVE FOR CLASS CERTIFICATION** |

Pursuant to the Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiff hereby moves for an extension of time to move for class certification, up to and including **June 6, 2022**. Good cause exists for the motion, and in support Plaintiff states as follows:

1. Plaintiff filed the instant lawsuit on September 20, 2021. (Dkt. 1.)

2. On December 10, 2021, the Parties submitted a Joint Discovery Plan, setting forth November 11, 2022, as the proposed deadline to move for class certification. (Dkt. 12.)

3. On December 20, 2021, the Parties attended an Early Neutral Evaluation ("ENE") conference before Magistrate Judge Barbara Lynn Major. (Dkt.

14.) Following the ENE conference, Magistrate Judge Major entered a scheduling order, setting May 6, 2022, as the deadline for Plaintiff to move for class certification.

4. In the time since the ENE, the parties have been pursuing discovery in this case. (*See* Declaration of Stephen A. Klein ("Klein Decl."), attached hereto as Exhibit A, at ¶ 4.)

5. On or about December 9, 2021, Plaintiff issued a subpoena to his cellphone carrier to obtain text records in order to confirm or refute Defendant's claim that he consented via text message. (*Id.* ¶ 5.)

6. Plaintiff received records in response to his subpoena on January 4, 2022, and Plaintiff's counsel reached out to Defendant's counsel on the same day to request the phone number(s) used to place text messages to Plaintiff, which would enable evaluation of the alleged consent defense. (*Id.* ¶ 6.) Defendant did not provide a phone number in response to Plaintiff's informal requests. (*Id.*)

7. On February 11, 2022, Plaintiff served written discovery requests on Defendant, and Defendant responded to those requests on March 25, 2022. (*Id.* ¶ 7.) Defendant did not produce responsive documents or new information, and its responses contained no information related to the class and the considerations of Rule 23 to enable Plaintiff to meaningfully move for class certification. (*Id.* ¶ 7.) Indeed, Defendant objected to all of Plaintiff's discovery requests that seek information pertaining to the class, which will necessitate meet and confers and, potentially, motion practice. (*Id.* ¶ 8.)

8. On March 31, 2022, six days after receiving Zeeto's responses to the written discovery, Plaintiff served a dispute letter to Defendant. (*Id.* ¶ 9.) Given the significance of the phone number issue to Plaintiff's claims and Zeeto's consent defense, the March 31 dispute letter was limited to Defendant's objections and response to an interrogatory seeking the phone number used to send messages to Plaintiff. (*Id.*) Plaintiff expressly reserved issues on the remaining responses, which

2

would be addressed after the Mandatory Settlement Conference that was previously scheduled for April 18, 2022. (*Id.*)

9. Counsel for the Parties conferred regarding the phone number request and dispute, and Zeeto agreed to provide a number and supplement its response by April 15, 2022. (*Id.* ¶ 10.) Counsel for Zeeto provided a phone number on April 7, 2022, which did not appear in Plaintiff's phone records, and Defendant provided a supplemental response on April 18, 2022, containing the same phone number. (*Id.*)

10. As of the filing of this motion, Plaintiff has served a dispute letter to Zeeto regarding the remaining discovery requests. (*Id.* ¶ 11.)

11. Absent discovery regarding the proposed class and the factors to be considered under Rule 23, Plaintiff cannot gather the evidence necessary to present the Court with an adequate record upon which it can fairly determine whether certification should be granted here. Put simply, Plaintiff requests additional time to resolve Defendant's objections and to continue diligently pursuing class discovery.

12. Counsel for Plaintiff has conferred with counsel for Defendant on this motion and Defendant does not oppose the relief sought.

13. A brief, thirty-day extension of time until June 6, 2022, would not cause prejudice to Defendant or the Court. This extension is not sought for dilatory reasons or any other improper purpose, and Plaintiff has not previously sought an extension to the same effect. Further, the requested extension would not result in the continuance of any hearing, conference, or trial.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order extending the deadline for Plaintiff to move for class certification, up to and including June 6, 2022, and for any other relief the Court deems necessary and just.

Respectfully submitted,

Dated: May 6, 2022   By:   */s/ Stephen A. Klein*

Michael Robert Lozeau

michael@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison Srtreet
Suite 150
Oakland, CA 94612
510-836-4200

Rory Pendergast
**THE PENDERGAST LAW FIRM, PC**
3019 Polk Avenue
San Diego, CA 92104
619-344-8699
Fax: 619-344-8701
Email: Rory@rorylaw.com

Stephen A. Klein (*admitted pro hac vice*)
　sklein@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone:　(720) 907-4654
Facsimile:　(303) 927-0809

Counsel for Plaintiff Edwin Williams and the Classes

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on May 6, 2022.

　　　　　　　　　　　*/s/ Stephen A. Klein*